# UNITED STATES DISTRICT COURT
for the
Southern District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Four cell phones currently in San Diego Sheriff, 325 S. Melrose Drive, Vista, CA 92081 | )<br>)<br>)   Case No.<br>)<br>)   '14 MJ 0437<br>) |

FILED
FEB 0 5 2014
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the ____Southern____ District of ____California____ *(identify the person or describe property to be searched and give its location):* see Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*: see Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of ____18____ U.S.C. § ____1952, 1591____, and the application is based on these facts: See attached affidavit

☑ Continued on the attached sheet.
☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Lana Sabata, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2/5/14

*Judge's signature*

City and state: San Diego, California         Hon. Karen S. Crawford, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

I, Lana K. Sabata, having been duly sworn, state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI), and I have been so employed since May of 2008. In October of 2008, I was assigned to the Violent Crime and Major Offender Program in Northwest Indiana. Duties under this program focus on federal violent crime investigations including kidnapping, extortion, interstate transportation of stolen property, bank robberies, criminal gang activity and drug trafficking. Additionally, I was assigned as the Crimes Against Children (CAC) coordinator and worked child violations to include: parental kidnapping, enticement, prostitution and child pornography. In January of 2013, I was transferred to the FBI's San Diego Division, and assigned to the Violent Crimes Squad. I am currently assigned to work crimes against children, specifically, the sexual exploitation of children to include various illicit commercial sex activities.

2. Prior to my employment with the FBI, I was a local law enforcement officer in Lincoln, Nebraska, for approximately seven years with experience in general investigations, as well as an undercover narcotics investigator. I have served in the United States Armed Forces, Air National Guard, Security Forces, to include active duty service. I am a law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered to investigate and make arrests for violations of U.S. criminal laws.

3. I make this affidavit in support of an application for a search warrant for four cellular telephones seized on January 21, 2014, from Sandra Ayad, Ashley Galarza, Tyrell Lewis and a seventeen year old female, hereinafter, V.B. for evidence, fruits and instrumentalities relating to a violation of Title 18, United

States Code, Sections 1591 (Sex Trafficking of a Minor or by Force, Fraud and Coercion), 2423 (transportation of a minor to engage in prostitution), 2421 (transportation of a person to engage in prostitution, and 1952 (travel in aid of racketeering). The cellular telephones are one black Samsung cell phone, "**Target Telephone 1**"; one white Samsung cell phone, **"Target Telephone 2"**; one black in color Iphone with pink cover **"Target Telephone 3"** and one white Iphone **"Target Telephone 4."** All four phones are further described in Attachment A.

4. **Target Telephones 1, 2 and 3** were seized from a grey Hyundai Elantra with Arizona License plate number 555 ZTN driven by Ashley Galarza. Galarza was driving the vehicle with Lewis and minor female, V.B., as passengers. This vehicle approached the Campo Interstate 8 westbound Border Patrol checkpoint. The vehicle was placed into secondary inspection, pursuant to a narcotics canine alerting on the vehicle. A few minutes later a second vehicle – a black BMW – approached the checkpoint. Questioning of the occupants, Sandra Ayad and Evarrina Soto, raised suspicion from Border Patrol Agents. Their vehicle, a 2008 BMW 328i California License Plate 6POM802 was placed in secondary inspection as well. Ayad and Soto were asked to exit the vehicle. Soto immediately went to V.B. and began to talk as if they knew each other very well. Two illegal aliens were located in the trunk of the BMW. Border Patrol agents determined Galarza, Lewis, Soto, Ayad and V.B. were involved with the smuggling and placed all of them under arrest. **Target Telephone 1, 2, and 3** were located in the grey Hyundai Elantra and **Target Telephone 4** was located with Ayad in the BMW. San Diego County Sheriff's Department personnel are now in possession of the specified telephones.

5. This affidavit is based upon information I have gained through training and experience, as well as upon information related to me by other

2

individuals, including law enforcement officers. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known concerning this investigation but have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence relating to violations of Title 18, United States Code, Sections 1591, 2423, 2421 and 1952, described in Attachment B, are located in the items described in Attachment A. Based upon the following information, I believe there is probable cause to believe that currently located within the above-described item at above-described location (See Attachment "A") there is evidence, fruits and instrumentalities of sex trafficking, in violation of Title 18 U.S.C. §§ 1591, 2423, 2421 and 1952, more particularly described in Attachment B.

## I.  STATEMENT OF PROBABLE CAUSE

6. On January 21, 2014, United States Border Patrol Agent T. Marzolino was working as primary contact at the Interstate 8 Westbound Border Checkpoint in Campo. One of Agent Marzolino's partners with a canine advised Agent Marzolino the dog alerted on the vehicle, a 2013 Hyundai Elantra bearing Arizona License plate 555 ZTN. The driver of the vehicle was Ashley Galarza. In the passenger seat was Tyrell Lewis. V.B. was in the backseat.

7. The Hyundai Elantra was placed into secondary, pursuant to the narcotics canine alerting on the vehicle. A few minutes later a second vehicle approached the checkpoint a 2008 BMW 328i California License Plate 6POM802. Border Patrol agents questioned the occupants, Sandra Ayad and Evarrina Soto. Ayad and Soto's statements of their travel aroused Border Patrol Agents' suspicion. The BMW was directed into secondary. Ayad and Soto were asked to exit the vehicle. Soto immediately went to V.B. and began to talk as if they knew each other very well. Two illegal aliens were located in the trunk of the BMW. Border

Patrol agents determined Galarza, Lewis, Soto, Ayad and V.B. were involved with the smuggling and placed all of them under arrest.

8. Border Patrol Agents conducted a brief interview of V.B. V.B. advised Agents she was a runaway from Arizona. V.B. told agents Lewis, Galarza and Soto drove to Arizona to pick up V.B. and bring her back to California. V.B. advised she was involved with prostitution with Lewis, Soto and Galarza. Border Patrol Agents contacted the San Diego County Sheriff's Department to investigate any pimping and pandering allegations.

9. San Diego County Sheriff's Deputy Chase Chiappino and I responded to the Campo Border Patrol Station to interview all involved parties. During an interview with V.B., she told us that she was brought to California by Lewis, Galarza and Soto. Lewis and Galarza talked her into doing prostitution. Lewis and Galarza drove V.B. to multiple dates over the previous weekend, where she conducted sex acts for money. Lewis was given all of the money she earned. Lewis would wait in the car outside of the location where the date was taking place. On one occasion, Lewis entered the house to supervise Galarza and V.B. conducting sexual acts on each other in front of a group of males. At one point V.B. told Lewis she was hungry. Lewis told her she had to go work to make more money so he could buy her food.

10. V.B. reached out to friends via her cell phone (**Telephone 3**) to attempt to have somebody pick her up and take her away from Lewis. V.B. said she wrote multiple messages on her phone in an attempt to find somebody to help her. V.B. told us when she would go do dates; she was given Galarza's phone (**Telephone 2**). She would communicate with Lewis and Galarza by texting Lewis' phone (**Telephone 1**). Lewis would call her and tell her when to leave the location.

4

11. V.B. stated that photos were taken of her dressed in lingerie as well as her engaging in sexual acts with Galarza. The photos of her dressed in lingerie were used to advertise her on the website www.backpage.com. The photos were taken with **Target Telephone 2**.

12. Additionally, **Target Telephone 3** was initially used to communicate with Soto and Lewis to have them pick her up from her residence in Tempe, Arizona.

13. During the investigation, I observed photos in **Target Telephone 4**. The photos appeared to be Ayad dressed in lingerie and laying on a bed. Deputy Chiappino later located Backpage.com ads. In one photo, there were four females in lingerie laying in a bed advertising sex in exchange for money. Ayad appeared to be one of the females in the bed.

14. Based upon my experience and investigation in this case and in other cases, I believe that Lewis and Galarza were involved in sex trafficking of the minor female identified above. Lewis and Galarza used the cellular telephones in furtherance of this crime. I also know that recent calls made and received, telephone numbers, contact names, electronic mail (email) addresses, appointment dates, text messages, pictures, videos and other digital information are stored in the memory of cellular telephones which constitute evidence of trafficking offenses and which tend to identify other persons involved in human trafficking activities.

15. Based upon my experience and training, consultation with other law enforcement officers experienced in human trafficking investigations, and all the facts and opinions set forth in this affidavit, I believe that information relevant to the trafficking activities of Lewis and Galarza such as telephone numbers, made and received calls, contact names, electronic mail (email) addresses, appointment

dates, messages, pictures, videos and other digital information are stored in the memory of the cellular telephones described herein.

## PRIOR ATTEMPTS TO OBTAIN DATA

16. No other attempts to obtain data were conducted except as described above.

## GENUINE RISKS OF DESTRUCTION

17. Since the phones are in law enforcement custody, there is no genuine risk of destruction.

## CELL PHONE METHODOLOGY

18. It is not possible to determine, merely by knowing the cellular telephone's make, model and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data

subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

19. Following the issuance of this warrant, investigators will collect the cellular telephones and subject them to analysis. All forensic analysis of the data contained within the telephone and its memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

20. Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days, absent further application to this court.

_____
Lana K. Sabata, Special Agent, Federal
Bureau of Investigation

Subscribed and sworn to before me
this __5th__ day of February, 2014.

_____
HON. KAREN S. CRAWFORD
United States Magistrate Judge

## ATTACHMENT A

One black Samsung cell phone seized from Hyundai Elantra on January 21, 2014. (Target Telephone 1)

One white Samsung cell phone seized from Hyundai Elantra on January 21, 2014. (Target Telephone 2)

One black Iphone with a pink case seized from Hyundai Elantra on January 21, 2014 (Target Telephone 3)

One white Iphone seized from Ayad on January 21, 2014. (Target Telephone 4)

The phones are currently in the possession of the San Diego Sheriff's Office, 325 S. Melrose Drive, Vista, CA 92081.

## ATTACHMENT B

The cellular telephones' device and any storage devices, such as SIM cards or flash memory devices attached to, inserted in or seized with the device, will be analyzed and the following data will be seized only to the extent that it contains or depicts evidence of violations of Title 18, United States Code, Sections 1591, 2423, 2421 and 1952. The following evidence to be searched for and seized pertains to violations of Title 18, United States Code, Sections 15912423, 2421 and 1952.

Communications, records, or data including but not limited to emails, text messages, photographs, audio files, videos, or location data:

    a. tending to indicate efforts to recruit, entice, harbor, transport, provide, obtain or maintain a person, knowing or in reckless disregard of the fact that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act;

    b. tending to indicate efforts to recruit, entice, harbor, transport, provide, obtain or maintain a person, knowing or in reckless disregard of the fact that means of force, threats of force, fraud, coercion, or any combination of such means will be used to cause the person to engage in a commercial sex act;

    c. tending to show efforts to solicit commercial sex acts on websites including but not limited to backpage.com or craigslist.com.

    d. tending to identify other facilities, storage devices, or services–such as email addresses, IP addresses, phone numbers–that may contain electronic evidence tending to show efforts to recruit, entice, harbor, transport, provide, obtain or maintain a person, knowing or in reckless disregard of the fact that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act; or tending to indicate efforts to recruit, entice, harbor, transport, provide, obtain or maintain a person, knowing or in reckless disregard of the fact that means of force, threats of force, fraud, coercion, or any combination of such means will be used to cause the person to engage in a commercial sex act in violation of 18 U.S.C. §1591 (a) and (b)

    e. tending to identify co-conspirators, criminal associates, or others involved in sex trafficking of minors in violation of 18 U.S.C. §1591, 2423, 2421 and 1952;

f.  tending to identify travel to or presence at locations used for commercial sex acts as defined by 18 U.S.C. §1591 (e);
g.  tending to identify the user of, or persons with control over or access to, the subject phone; or
h.  tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data above.
i.  Visual images of the minor, V.B.